UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                              Plaintiff,<br><br>v.<br><br>2120 TIEBOUT LLC, et al.,<br><br>                              Defendants. | 23-CV-9445 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

An order issued January 31, 2024, granted a requested briefing schedule with respect to an anticipated motion for summary judgment. *See* ECF No. 51.

A second order issued January 31, 2024, (the "Receivership Order") appointed Trigild Inc., through its principal Ian Lagowitz, Receiver of the properties at issue in this foreclosure action. *See* ECF No. 52. The Receivership Order required the Borrower Defendants[1] to turn over "any and all moneys held or received by the Borrower Defendants in connection with the Properties during the with the date of this order." *Id.* at 6. On March 5, 2024, Plaintiff filed an application for emergency relief relating to Defendants' alleged non-compliance with the receivership order. *See* ECF Nos. 62-64. Plaintiff requests an order compelling Defendants to turn over: (1) funds that they received prior the entry of the Receivership Order, and (2) the security deposits and February rents from the 66 & 72 E. 190th Property. *See* Mem. of L. in Supp., ECF No. 63. In their opposition papers, Defendants state that they do not understand the Receivership Order to encompass rents and other funds received prior to entry of the Order and that no security deposits for the 66 & 72 E. 190th Property existed in segregated accounts. *See*

---

[1] The "Borrower Defendants" are defined in note 1 of the Receivership Order.

Opp'n ¶¶ 7, 9, ECF No. 67.  Defendants also request that, in the event they are ordered to make any remittances to the Receiver, "a fair and reasonable allocation" be made to permit them to retain funds roughly equal to the proceeds of loans that they received from the U.S. Small Business Administration (the "SBA Loans"), which that Defendants admit they have commingled with other funds.  *See id.* ¶¶ 11-12.  A hearing was held on March 13, 2024, regarding these matters.

It is hereby **ORDERED** that Plaintiff's request to enforce the Receivership Order is **GRANTED**.  Defendant's argument that they are not required to turn over any funds received prior to the effective date of the Receivership Order borders on frivolous, as the Order clearly requires that the Borrower Defendants turn over any and all moneys "*held or* received by the Borrower Defendants."  Receivership Order at 6.

In any event, Defendants do not dispute this Court's authority to modify the Receivership Order to incorporate the substance of Plaintiff's request.  Accordingly, to be clear, the Borrower Defendants shall turn over all funds, in whatever form and wherever held, related to the properties at issue in this litigation to the Receiver.  These funds include, but are not limited to, any rents received prior to entry of the Receivership order and all funds related to the 66 & 72 E. 190th Property.  The Borrower Defendants shall do so as soon as possible, and no later than **March 18, 2024**.

Borrower Defendants' request to retain some portion of the cash they have on hand to service the SBA Loans is **DENIED**, because, among other things, Borrower Defendants admit to commingling these funds with the rents collected from the properties at issue.

It is further **ORDERED** that the Borrower Defendants shall provide Plaintiff and the Receiver written testimony, sworn upon penalty of perjury, regarding the security deposits for

any building at issue in this litigation not turned over the Receiver by **March 18, 2024**. Such testimony shall describe, in detail, the treatment of such deposits prior to appointment of the Receiver and why such deposits were not turned over.

It is further **ORDERED** that, because the Borrower Defendants' opposition to Plaintiff's motion states that the parties are still negotiating potential restructuring of certain loans and that the Borrower Defendants have offered to surrender title to expedited proceedings, the parties may file a joint status letter on **March 15, 2024**, regarding the progress of such negotiations in lieu of Plaintiff's motion for summary judgment. Such letter may propose a modified briefing schedule for the anticipated motion, as necessary. Alternatively, Plaintiff may file its anticipated motion for summary judgment in line with the previously-ordered briefing schedule.

SO ORDERED.

Dated: March 13, 2024
New York, New York

_____
DALE E. HO
United States District Judge