UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                              Plaintiff,<br><br>v.<br><br>2120 TIEBOUT LLC ET AL.,<br><br>                              Defendants. | 23 Civ. 9445 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

Before the Court is an omnibus motion filed by Plaintiff Federal National Mortgage

Association ("Fannie Mae") in this mortgage foreclosure action.  *See* ECF No. 74.  Specifically,

Fannie Mae moves for:

I.    Summary judgment against limited liability corporations associated with the foreclosed-
       upon properties:

| | |
|---|---|
| 2120 Tiebout LLC | 452 W 164 Realty LLC |
| 148th Street LLC | 712 W 180 Realty LLC |
| 554 W 148 LLC | Skyline 135th LLC |
| 503 W 169 LLC | 561 W 144 Realty, LLC |
| 2705 & 2707 Morris LLC[1] | 622 E 169 LLC |
| 66 & 72 E 190 LLC | |

Fannie Mae refers to these LLCs as the "Borrower Defendants."

---

[1] On March 27, 2025, the Court received a letter from Fannie Mae and Defendant 2705 & 2707 Morris LLC stating that they, and the court-appointed receiver, had reached an agreement for the receiver to sell the properties at 2705 & 2707 Morris Avenue in the Bronx.  *See* Letter at 1, ECF No. 99.  The letter does not request any action from the Court.  However, the letter notes that "[o]nce the sale is complete, the Parties will reach back out to the Court concerning the voluntary dismissal of this action as to the Morris Defendant, the withdrawal of Plaintiff's pending Motion for Summary Judgment to the extent it seeks relief against the Morris Defendant, and the termination of the receivership as to the Morris Properties."  *Id.*  Because the Court has received no such update as of the date of this order, the Court has adjudicated Fannie Mae's summary judgment motion with respect to Defendant 2705 & 2707 Morris LLC.

II.    Severance of its claims against the Borrower Defendants and the "Guarantor Defendants"—the individuals who guaranteed loans that are being foreclosed upon—with respect to their personal liability. The Guarantor Defendants are Douglas Peterson, Maurice Arlos, and Michael Fordham.

III.    Default Judgment against the lien-holding Defendants who have been properly served in this action and have not answered or otherwise responded to the Amended Complaint— the "Lienholder Defendants." The remaining defaulting Lienholder Defendants against whom Fannie Mae seeks default judgment are Aremye Realty Corp, the New York City Environmental Control Board ("ECB"), and the New York City Department of Housing Preservation & Development ("HPD").[2] Fannie Mae seeks for these Defendants' liens to be foreclosed based on their junior status.[3]

IV.    This Court to calculate the amounts due under the at-issue Loan Documents as of January 31, 2024, and

V.    This Court to direct the Clerk of Court to strike the John Doe Defendants.

*See* Mem. L. Supp. Pl.'s Mots. ("Pl.'s Mem."), ECF No. 75. The Borrower Defendants do not oppose Fannie Mae's motions for summary judgment and severance. *See* Defs.' Decl. in Resp. to Mot. for Summ. J. ("Defs. Resp."), ECF No. 85. For the reasons explained below, Fannie Mae's omnibus motion is **GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART**.

## DISCUSSION

### I. Summary Judgment against the Borrower Defendants

Fannie Mae seeks summary judgment against the Borrower Defendants as a prerequisite to foreclosing on eleven mortgages ("the Mortgages"). The Borrower Defendants do not oppose Fannie Mae's Motion for Summary Judgment. *See* Defs.' Resp. ¶¶ 2, 3. Having reviewed the

---

[2] This Court granted Fannie Mae's voluntary motion to dismiss two individuals initially listed as Lienholder Defendants: Matthew L. McGann and Matthew Kladney. *See* ECF No. 83.

[3] Per the terms of a stipulation between Fannie Mae and the New York City Department of Housing Preservation & Development ("HPD"), *see* ECF No. 46, Fannie Mae does not request that this Court take any action against the HPD with respect to its lien on 505 West 135th Street. *See* Mem. of L. in Supp. of Pl.'s Mots. ("Pl.'s Mem.") at 13, ECF No. 75.

evidence submitted in connection with this Motion, the Court is satisfied that there are no issues of material fact precluding summary judgment.  Accordingly, Fannie Mae's Motion for Summary Judgment is **GRANTED**.

### A.  Legal Standards

1.  <u>Summary Judgment</u>

Summary judgment is appropriate when a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).[4]  "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for a nonmoving party."  *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020).  A party opposing summary judgment must establish a genuine issue of fact by citing to specific parts of materials in the record.  *See* Fed. R. Civ. P. 56(c)(1)(A).  "A party opposing summary judgment normally does not show the existence of a genuine issue of fact to be tried merely by making assertions that are based on speculation or are conclusory."  *S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 877 (2d Cir. 2021).  In determining whether summary judgment is appropriate, the district court resolves all ambiguities and draws all reasonable inferences in favor of the nonmoving party.  *See, e.g.*, *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).  "Summary judgment is often an appropriate mechanism for the resolution of mortgage foreclosure actions."  *United States v. Paugh*, 332 F. Supp. 2d 679, 680 (S.D.N.Y. 2004).

When a summary judgment motion is unopposed, the district court is not relieved of its duty to ensure that the movant is entitled to judgment as a matter of law.  *See Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004).  "If the evidence submitted in support

---

[4] All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*." *Id.* at 244. "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Id.*

      2.  <u>Foreclosure Actions</u>

"In a foreclosure action under New York law, a plaintiff establishes its *prima facie* entitlement to summary judgment by producing evidence of the mortgage, the unpaid note, and the defendant's default." *Gustavia Home, LLC v. Rutty*, 720 F. App'x 27, 28 (2d Cir. 2017); *see also Wells Fargo Bank, N.A. v. Walker*, 35 N.Y.S. 3d 591, 592 (App. Div. 2016) (same). "If these elements are established, the mortgagee has a presumptive right to collect, which can only be overcome by an affirmative showing by the defendant." *Blue Castle (Cayman) LTD v. 1767 TP Ave LLC*, No. 22 Civ. 9577, 2024 WL 4135194, at *3 (S.D.N.Y. Sept. 10, 2024) (citing *Wilmington PT Corp. v. Parker*, No. 19 Civ. 2380, 2020 WL 1704303 (E.D.N.Y. Mar. 20, 2020), *report and recommendation adopted sub nom. Wilmington PR Corp. v. Parker*, No. 19 Civ. 2380, 2020 WL 1703634 (E.D.N.Y. Apr. 8, 2020)). "In defending against a foreclosure action, [the] defendant must provide evidence in admissible form[;] mere conclusions or unsubstantiated assertions are insufficient." *Id.* (citing *Greystone Bank v. Skyline Woods Realty, LLC*, 817 F. Supp. 2d 57 (N.D.N.Y. 2011)).

    **B.  Application**

"After reviewing the record and the papers in this case, the Court concludes that Plaintiff has established its prima facie entitlement to summary judgment on its foreclosure action against [the Borrower Defendants] by producing evidence of the mortgage, the unpaid note, and the

[Borrower Defendants'] default." *United States v. Ferri*, No. 19 Civ. 6921, 2023 WL 2165182, at *3 (W.D.N.Y. Feb. 22, 2023). The documents attached to the Amended Complaint—the validity of which the Borrower Defendants do not contest—establish the existence of the Borrower Defendants' mortgage obligations.[5] And the Borrower Defendants admit to being in default on these obligations in their Answer to the Amended Complaint, *see* ECF No. 37 ¶¶ 41, 43, 45, 47, 49, 51, 53, 55, 57, 59, 61, 63; in a joint letter to the Court;[6] and in Pre-Negotiation Letters to Fannie Mae, *see* Sogga Decl. ¶ 122, Exs. 2-3, ECF No. 77. Fannie Mae has provided sufficient evidence of its entitlement to the Borrower Defendants' mortgages by way of assignment.[7] Accordingly,

---

[5] Exhibits A through D of the Amended Complaint, *see* ECF No. 20, establish 2120 Tiebout LLC's mortgage liability. Exhibits S through V establish 452 W 164 Realty LLC's liability. Exhibits AK through AN establish 148th Street LLC's liability. Exhibits BI through BL establish 712 W 180 Realty LLC's liability. Exhibits AQ through AT establish 554 W 148 LLC's liability. Exhibits AE through AH establish Skyline 135th LLC's liability. Exhibits Y through AB establish 503 W 169 LLC's liability. Exhibits AW through AZ establish 561 W 144 Realty LLC's liability. Exhibits G through J and M through P establish 2705 & 2707 Morris LLC's liability. Exhibits BC though BF establish 622 E 169 LLC's liability. Exhibits BO through BR establish 66 & 72 E 190 LLC's liability.

[6] ECF No. 45 at 1-2 ("Plaintiff has a mortgage on each of the Properties, which secure loans that are all in default based on the failure of the Borrowers to make their monthly mortgage payments. . . . Borrower-Defendants admit they defaulted on the loans at issue.").

[7] Exhibits of the Amended Complaint, *see* ECF No. 20, indicate that Fannie Mae is in possession of:

- The original 2120 Tiebout Ave. Note, Exhibit A. Exhibits E and F establish that Fannie Mae is the mortgagee on, and owner and holder of, 2120 Tiebout LLC's Mortgage and Note.

- The original 452 W 164th St. Note, Exhibit S. Exhibits W and X establish that Fannie Mae is the mortgagee on, and owner and holder of, 452 W 164 Realty LLC's Mortgage and Note.

- The original 522 West 148th St. Note, Exhibit AK. Exhibits AO and AP establish that Fannie Mae is the mortgagee on, and owner and holder of, 148th Street LLC's Mortgage and Note.

- The original 712 West 180th St. Note, Exhibit BI. Exhibits BM and BN establish that Fannie Mae is the mortgagee on, and owner and holder of, 712 W 180 Realty LLC's Mortgage and Note.

Fannie Mae "has a presumptive right to collect, which can only be overcome by an affirmative showing by the defendant." *Wilmington PT Corp.*, 2020 WL 1704303, at *5. Because the Borrower Defendants make no such showing, Fannie Mae's Motion for Summary Judgment is granted.

## II. Severance of Claims against the Guarantor Defendants

Fannie Mae seeks to sever its claims against the Borrower Defendants and the Guarantor Defendants, the individuals who assumed responsibility for the mortgages in the event of nonpayment and are now personally liable for the amounts due. It argues, *inter alia*, that "in the event that [it] is paid in full from the proceeds of the sale of a given Property, there will be no basis to collect on this personal liability for such Property." Pl.'s Mem. at 7. Borrower Defendants do not oppose Fannie Mae's severance request. *See* Defs.' Resp. ¶¶ 2, 3. The Guarantor Defendants

---

- The original 554 West 148th St. Note, Exhibit AQ. Exhibits AU and AV establish that Fannie Mae is the mortgagee on, and owner and holder of, 554 W 148 LLC's Mortgage and Note.

- The original 505 West 135th St. Note, Exhibit AE. Exhibits AI and AJ establish that Fannie Mae is the mortgagee on, and owner and holder of, Skyline 135th LLC's Mortgage and Note.

- The original 503 West 169th St. Note, Exhibit Y. Exhibits AC and AD establish that Fannie Mae is the mortgagee on, and owner and holder of, 503 W 169 LLC's Mortgage and Note.

- The original 561 West 144th St. Note, Exhibit AW. Exhibits BA and BB establish that Fannie Mae is the mortgagee on, and owner and holder of, 561 W 144 Realty LLC's Mortgage and Note.

- The original 2705 Morris Ave. Note, Exhibit G, and 2707 Morris Ave. Note, Exhibit M. Exhibits K, L, Q, and R establish that Fannie Mae is the mortgagee on, and owner and holder of, 2705 & 2707 Morris LLC's Mortgage and Note.

- The original 622 East 169th St. Note, Exhibit BC. Exhibits BG and BH establish that Fannie Mae is the mortgagee on, and owner and holder of, 622 E 169 LLC's Mortgage and Note.

- The original 66 & 72nd East 190th St. Note, Exhibit BO. Exhibits BS and BT establish that Fannie Mae is the mortgagee on, and owner and holder of, 66 & 72 E 190 LLC's Mortgage and Note.

have taken no position on it.  For the reasons explained below, Fannie Mae's Motion to Sever is **GRANTED**.

### A. Legal Standard

Under Rule 21, federal courts have the authority to "sever any claim against a party."  Fed. R. Civ. P. 21.  "The decision whether to grant a severance motion is committed to the sound discretion of the trial court."  *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988).  "In determining whether to sever a claim, courts consider, *inter alia*, (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence."  *Wells Fargo Bank, Nat'l Ass'n, v. Prince 26, LLC et al.*, No. 22 Civ. 5586, 2023 WL 5152420, at *11 (S.D.N.Y. Aug. 10, 2023).  "Severance requires the presence of only one of these conditions."  *Id.*

### B. Application

Severance of Fannie Mae's claims against the Borrower Defendants and Guarantor Defendants with respect to their personal liability will serve judicial economy and will not prejudice any party.  Fannie Mae will possibly collect the entire outstanding balance of the defaulted Mortgages through foreclosure.  If that happens, the issue of the Borrower Defendants' and Guarantor Defendants' personal liability would be moot.  Alternatively, if Fannie Mae is not made whole after foreclosure of a given property, discovery may be necessary to determine the Borrower Defendants' and Guarantor Defendant's outstanding personal liability.  Because Fannie Mae's claims against the Borrower Defendants and Guarantor Defendants may not need to be resolved at all, the Court grants Fannie Mae's Motion to Sever.  *See, e.g.*, *Wells Fargo*, 2023 WL 5152420 at *11 (granting unopposed motion to sever claims against guarantor at summary judgment for comparable reasons); *Wells Fargo Bank, Nat'l Ass'n v. 5615 N. LLC*, No. 20 Civ. 2048, 2022 WL 15523689, at *7 (S.D.N.Y. Oct. 27, 2022) (same); *Wilmington Tr., Nat'l Ass'n v.*

*31 Prince St., LLC, et al.*, No. 22 Civ. 5855, 2023 WL 3647397, at *4 (S.D.N.Y. May 5, 2023) (same); *Wilmington Tr., Nat'l Ass'n v. Winta Asset Mgmt. LLC, et al.*, No. 20 Civ. 5309, 2022 WL 2657166, at *8 (S.D.N.Y. July 8, 2022) (same).

### III. Default Judgment against the Lienholder Defendants

Fannie Mae seeks default judgment against three entities: a corporation, Aremye; one municipal board, ECB; and one New York City department, HPD.  Aremye holds a money mortgage on 522 West 148th St., ECB holds entitlements to outstanding fines on the 503 West 169th St. and 622 East 169th St. properties, and HPD obtained a default judgment against the Tiebout Avenue Property "in connection with a suit addressing property conditions," Pl.'s Mem. at 13.  Pl.'s Mem. at 12-14.  Through default, Fannie Mae seeks to foreclose these defaulting Defendants' liens based on their junior status.  None of the Lienholder Defendants have answered or otherwise responded to Fannie Mae's Amended Complaint.  For the reasons explained below, Fannie Mae's Motion for Default Judgment against the Lienholder Defendants is **GRANTED as to Aremye and DENIED WITHOUT PREJUDICE as to ECB and HPD**.

#### A.  Legal Standard

Per Rule 12, "[a] defendant must serve an answer within 21 days after being served with the summons and complaint."  Fed. R. Civ. P. 12(a)(1)(A)(i).  "When a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend," the party that has brought the suit may seek an entry of default judgment. Fed. R. Civ. P. 55(a).  "Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation."  *Vt. Teddy Bear Co.*, 373 F.3d at 246.  Rule 55 "sets forth a two-step process for entry of default judgment against a party who fails to defend: (1) the entry of default, which formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff, and (2) the entry of a default judgment, which converts the defendant's admission

of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled." *Wells Fargo*, 2023 WL 5152420, at *9.

Step one, the entry of default, is a ministerial step to be performed by the Clerk of Court. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). But step two, the entry of default judgment, is typically an act for which the district court bears responsibility. *Id.* Before entering default judgment, "the district court is required to determine whether [the plaintiff's] allegations establish [the defendant's] liability as a matter of law," "accept[ing] as true all of the factual allegations in the complaint" and "drawing inferences in the non-defaulting party's favor." *Wells Fargo*, 2023 WL 5152420, at *10. The district court should also consider whether the non-appearing defendants had notice of the suit and an opportunity to be heard. *See CIT Bank, N.A. v. Neris*, No. 18 Civ. 1511, 2019 WL 6334894, at *3 (S.D.N.Y. Nov. 1, 2019).

### B. Application

Fannie Mae served Lienholder Defendant Aremye Realty Corporation on December 4, 2023, and it served Lienholder Defendants ECB and HPD the following day, on December 5. *See* Aff. of Service at 1, 3, 4, ECF No. 33. As of the filing of this Opinion and Order, none of the three have appeared in this case, let alone answered or otherwise responded to the operative Complaint. Therefore, at Fannie Mae's request, *see* ECF Nos. 53 & 54, the Clerk of Court issued Certificates of Default as to Aremye and ECB on February 1, 2024, ECF No. 55. The Clerk of Court issued a Certificate of Default as to HPD on March 6, 2024. ECF No. 65. Thus, Fannie Mae has satisfied the first step of Rule 55's two-step process.

The Court finds that Fannie Mae has established Aremye's liability as a matter of law. With respect to Aremye, New York Real Property Actions and Proceedings Law ("N.Y. RPAPL") § 1311 applies. Under that Section, "the necessary parties to a mortgage foreclosure action include: '[e]very person having any lien or incumbrance upon the real property which is claimed

to be subject and subordinate to the lien of the plaintiff.'" *OneWest Bank, NA v. Raghunath*, No. 14 Civ. 3310, 2015 WL 5772272, at *3 (E.D.N.Y. Sept. 8, 2015) (citing N.Y. RPAPL § 1311(3)). Where, as here, a plaintiff "does not seek any relief from the non-mortgagor defendants, courts have held that entry of default judgment pursuant to Rule 55 is appropriate where the complaint alleges 'nominal liability,'—*i.e.*, any judgments or liens a defendant may have against the property are subordinate to the plaintiff's lien." *Id.*; *see also CIT Bank, N.A. v. Castillo*, No. 17 Civ. 2132, 2018 WL 1660738, at *3 (E.D.N.Y. Mar. 8, 2018), *report and recommendation adopted*, 2018 WL 1640591 (Apr. 5, 2018) (same); *Courchevel 1850 LLC v. Rodriguez*, No. 17 Civ. 6311, 2019 WL 2233828, at *7 (E.D.N.Y. May 22, 2019) (same).

Fannie Mae has successfully alleged that Aremye's lien is subordinate. As stated in the Amended Complaint, "[o]n or around May 10, 2023, a purchase money mortgage was recorded for the 522 W 148th Property, in connection with a Commercial Building Mortgage for $499,999 dated September 16, 2008, from 148th St LLC to Aremye Realty Corporation." Am. Compl. ¶ 195, ECF No. 20. The mortgage lien Fannie Mae acquired for this property, however, was recorded on February 3, 2020. *See* Am. Compl. Ex. AM; Sogga Decl. ¶ 54. Because Fannie Mae's mortgage was recorded first, Aremye's lien is subordinate. *See U.S. Bank Nat'l Ass'n v. Haskins*, No. 18 Civ. 8478, 2019 WL 6888654, at *5 (S.D.N.Y. Dec. 18, 2019) ("Under New York law, a properly recorded mortgage is superior to subsequently recorded mortgages and liens."). Therefore, an entry of default judgment is appropriate with respect to Lienholder Defendant Aremye.

With respect to the ECB and HPD, N.Y. RPAPL § 202-a applies. Under Section 202-a, "[w]here a city or any department, bureau, board, commission, officer, agency or instrumentality thereof is a defendant in an action affecting real property, the complaint shall set forth [d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant." N.Y. RPAPL § 202-a(1). This pleading standard has been

described as "heightened." *Gustavia Home, LLC v. Lawrence*, No. 16 Civ. 4010, 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017), *report and recommendation adopted*, 2017 WL 4402448 (Oct. 2, 2017). Thus, "[a] complaint that establishes nominal liability against such defendants will satisfy this standard, [but] [b]are allegations that [such] defendants are lienholders cannot demonstrate nominal liability." *CIT Bank*, 2019 WL 6334894, at *3. Instead, "allegations supported by documentary evidence reflecting the interest or lien will suffice." *Id.*

Here, Fannie Mae has not met Section 202-a's "heightened" pleading standard. Rather than provide "detailed facts showing the particular nature of the interest in or lien on the real property," Fannie Mae merely makes unsubstantiated allegations in its Amended Complaint and in the declaration its counsel submitted in support of its summary judgment motion. But such allegations, standing alone, are insufficient. In cases where courts in this Circuit have granted default judgments against municipal agency defendants in foreclosure actions, plaintiffs typically provided documentary proof. *See, e.g.*, *id.* at *3 ("CIT Bank has adequately alleged liability as to the ECB . . . by attaching documents reflecting an ECB Violation in the amount of $300.00 . . . ."); *Cit Bank v. Dambra*, No. 14 Civ. 3951, 2015 WL 7422348, at *6 (E.D.N.Y. Sept. 25, 2015), *report and recommendation adopted*, 2015 WL 7430006 (Nov. 20, 2015) (recommending granting default judgment against ECB based on, *inter alia*, title search documents); *Windward Bora, LLC v. Thompson*, No. 18 Civ. 1811, 2020 WL 1242828, at *6 (E.D.N.Y. Mar. 16, 2020) (explaining that Plaintiff met Section 202-a's "heightened pleading requirement" by "attach[ing] documentation" reflecting HPD's lien and reflecting "numerous ECB Violations and an ECB penalty owed"); *Plenitude Cap. LLC v. Utica Ventures, LLC*, No. 18 Civ. 2702, 2020 WL 70000411, at *3 (E.D.N.Y. Sept. 10, 2020), *report and recommendation adopted*, 2020 WL 6255250 (Oct. 23, 2020) ("To satisfy these heightened pleading requirements with respect to HPD, Plaintiff has submitted documentation showing a violation . . . ."); *cf. Courchevel 1850 LLC*, 2019

WL 2233828, at *8 (denying default judgment motion against ECB and stating "[t]he violation number of the ECB violation, without any further allegations as to the nature of the interest or any documentation identifying the violation[,] is insufficient to meet the heightened pleading requirement"); *Gustavia Home*, 2017 WL 4404434, at *4 (recommending denial of default judgment motion against ECB where allegations in complaint were made "in boilerplate fashion"). Given the dearth of evidence supporting ECB's and HPD's nominal liability, Fannie Mae's Motion for Default Judgment against the ECB and HPD is denied without prejudice.

### IV. Amounts Due Under the Loan Documents

Having adjudicated Fannie Mae's Motions for Summary Judgement, Default Judgment, and Severance, the Court now turns to Fannie Mae's request for this Court to "confirm the total amount due to [it] under the Loan Documents, i.e., the so-called 'strike price' which will be directly relevant to conducting the foreclosure sales and properly distributing the proceeds thereof." Pl.'s Mem. at 15. In addition to the principal on each of the Mortgages, Fannie Mae seeks various ancillary costs, including accrued interest, legal expenses, and other assorted fees. Fannie Mae also seeks to credit the Mortgages for payments made into escrow, maintenance, and other rainy day-type accounts. The Court confirms Fannie Mae is owed the following amounts on the Mortgages:

| Mortgage | Amount Owed |
|---|---|
| 2120 Tiebout Avenue | $12,886,101.97 |
| 452 West 164th Street | $3,411,908.70 |
| 522 West 148th Street | $7,036,481.91 |
| 712 West 180th Street | $5,975,607.88 |
| 554 West 148th Street | $8,520,648.33 |
| 505 West 135th Street | $5,915,380.07 |
| 503 West 169th Street | $3,781,306.16 |
| 561 West 144th Street | $6,439,319.75 |
| 2705 Morris Avenue | $4,816,492.76 |
| 2707 Morris Avenue | $4,929,642.26 |
| 622 East 169th Street | $4,899,782.04 |
| 66 & 72 E 190th Street | $3,846,676.23 |

**A. Legal Standard**

1. Amounts Owed

Under N.Y. RPAPL § 1321, "after a court has granted summary judgment in favor of a plaintiff based on an undisputed showing of default on a mortgage, the trial court has the authority to compute the amount owed or appoint a referee to do the same." *Kairos Credit Strategies Operating P'ship, LP v. Friars Nat'l Ass'n, Inc.*, No. 23 Civ. 2960, 2024 WL 3387319, at *3 (S.D.N.Y. June 10, 2024), *report and recommendation adopted*, 2024 WL 3567681 (July 29, 2024) (citing *U.S. Bank Tr., N.A. v. Dingman*, No. 16 Civ. 1384, 2016 WL 6902480 (S.D.N.Y. Nov. 22, 2016)). The district court may do so without holding an evidentiary hearing "so long as there is a basis for the damages awarded." *Id.* (citing *Onewest Bank, N.A. v. Cole*, No. 14 Civ. 3078, 2015 WL 4429014 (E.D.N.Y. July 17, 2015)). "[D]etailed affidavits and other documentary evidence can provide th[e] basis" for a damages award. *Id.* (citing *Onewest*, 2015 WL 4429014). "The amount owed should be determined based on the terms of the Notes and Mortgages." *Id.* (citing *E. Sav. Bank, FSB v. Rabito*, No. 11 Civ. 2501, 2014 WL 4804872 (E.D.N.Y. Sept. 10, 2014)).

2. Legal Costs & Expenses

"Attorneys' fees may be recovered in the mortgage foreclosure action itself if the mortgage document obligates the mortgagor to pay such a fee for the expenses incurred in that action." *Capital One Nat. Ass'n v. 48-52 Franklin, LLC*, No. 12 Civ. 3366, 2014 WL 1386609, at *9 (S.D.N.Y. Apr. 8, 2014) (citing *Levine v. Infidelity, Inc.*, 770 N.Y.S. 2d 83, 84 (App. Div. 2003)). A party moving to be awarded attorney's fees must seek a "presumptively reasonable fee." Such a fee is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). Therefore, to determine what fees are "reasonable," "the court must: (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively

13

reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." *Bldg. Serv. 32BJ Health Fund v. Renaissance Equity Holdings, LLC*, No. 8 Civ. 9264, 2010 WL 1438117, at *2 (S.D.N.Y. Apr. 9, 2010) (Chin, J.).

With respect to the reasonableness of the hourly rate, courts consider the market rate for the service, or "the rate a paying client would be willing to pay." *Id.* at *3; *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). Additionally, courts in this Circuit should also consider the so-called *Johnson* factors, such as: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Agudath Isr. of Am. v. Hochul*, No. 22-38, 2023 WL 2637344, at *2 n.2 (2d Cir. Mar. 27, 2023). A party moving for attorney's fees "should exercise 'billing judgment' with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), *superseded by statute on other grounds*, 42 U.S.C. § 1997e(d)(1).

Regarding costs, courts in this Circuit usually award "reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987).

### A. Application

The Court computes the amount owed to Fannie Mae based on the documentary evidence submitted in conjunction with the omnibus motion. No Defendant has moved for an evidentiary

hearing prior to confirming the amount Fannie Mae is owed, nor, for that matter, does any Defendant contest Fannie Mae's calculation of the amounts it claims it is due pursuant to each Mortgage's Loan Documents.

1. Unpaid Principal Balance

The chart below represents the outstanding principal balance on the mortgages as of January 31, 2024.

| Mortgage | Outstanding Principal Balance |
|---|---|
| 2120 Tiebout Avenue | $11,925,000.00 |
| 452 West 164th Street | $3,194,448.41 |
| 522 West 148th Street | $6,588,006.99 |
| 712 West 180th Street | $5,594,748.49 |
| 554 West 148th Street | $7,977,579.06 |
| 505 West 135th Street | $5,538,359.34 |
| 503 West 169th Street | $3,540,302.06 |
| 561 West 144th Street | $5,959,047.06 |
| 2705 Morris Avenue | $4,457,257.60 |
| 2707 Morris Avenue | $4,561,967.94 |
| 622 East 169th Street | $4,539,417.84 |
| 66 & 72 E 190th Street | $3,700,000.00 |

Fannie Mae substantiates these amounts in a declaration submitted in support of its motion by a senior asset manager in its multifamily mortgage business. *See* Sogga Decl. ¶ 126; *see also id.* Ex. 4. Accordingly, the Court confirms that the unpaid balance on each mortgage is as stated above.

2. Contract Rate Interest

Fannie Mae states that, under the terms of the Loan Documents, interest accrued on the unpaid principal balance of the Mortgage loans at a specified contract rate—the Contract Rate Interest. *Id.* ¶ 127. Procedurally, monthly interest payments are due on the first day of each month

for the interest due the preceding month. *Id.* On each of the Mortgages, the contract interest rate is due for one month—the month before the loan went into default.[8]

Under the terms of each Mortgage's Loan Documents, the outstanding Contract Rate Interest is based on the following formula:[9]

$$\frac{Outstanding\ Principal \times Contract\ Interest\ Rate}{360} \times Days\ in\ Default\ at\ Contract\ Interest\ Rate$$

Having used the formula above to calculate the Contract Rate Interest on each of the Mortgages, the Court confirms that Fannie Mae is due the following amounts[10]:

| Mortgage | Contract Rate Interest Due |
|---|---|
| 2120 Tiebout Avenue | $37,378.25 |
| 452 West 164th Street | $10,012.82 |
| 522 West 148th Street | $20,649.74 |
| 712 West 180th Street | $17,536.43 |
| 554 West 148th Street | $25,005.28 |
| 505 West 135th Street | $17,359.68 |
| 503 West 169th Street | $11,096.88 |
| 561 West 144th Street | $18,678.30 |
| 2705 Morris Avenue | $13,971.03 |
| 2707 Morris Avenue | $14,299.24 |
| 622 East 169th Street | $13,798.57 |
| 66 & 72 E 190th Street | $14,114.47 |

---

[8] "The Contract Rate Interest due on the principal was never paid and remains outstanding for the month of January 2023 for the Tiebout Avenue, 561 West 144th Street, 2705 Morris, 2707 Morris, and 622 East 169th Street Mortgages based on the failure to make the Monthly Payment due February 1, 2023; March 2023 for the 452 West 164th Street, 522 West 148th Street, 712 West 180th Street, 554 West 148th Street, 505 West 135th Street, and 503 West 169th Street Mortgages based on the failure to make the Monthly Payment due April 1, 2023; and August 2023 for the 66 & 72 E 190th Street Mortgage based on the failure to make the Monthly Payment due September 1, 2023." Sogga Decl. ¶ 127. There are 31 days in January, March, and August.

[9] *See* Am. Compl. Exs. B, H, N, T, Z, AF, AL, AR, AX, BD, BJ, and BP.

[10] Fannie Mae substantiates these amounts in a declaration submitted in support of its motion by a senior asset manager in its multifamily mortgage business. *See* Sogga Decl. ¶ 128; *see also id.* Ex. 4.

3. <u>Default Rate Interest</u>

Each loan agreement contains a provision stating that "[i]f any amount due in respect of the Mortgage Loan (other than amounts due on the Maturity Date) remains past due for thirty (30) days or more, interest on such unpaid amount(s) shall accrue from the date payment is due at the Default Rate and shall be payable upon demand by Lender." *See, e.g.*, Am. Compl. Ex. B § 2.02(d)(1)(A). This is the "Default Rate Interest," and it is calculated as an interest rate "equal to the lesser of: (i) the Contract Rate Interest plus four (4) percentage points; or (ii) the maximum interest rate which may be collected from Borrower-Defendants under applicable law." Sogga Decl. ¶ 100 (citing, *e.g.*, Am. Compl. Ex. B at Schedule 1). The charts Fannie Mae provides to substantiate the Default Rate Interest due for each Mortgage calculate the rates based on the Contract Interest Rate plus four percent equation, not the maximum interest rate under applicable law. *See* Sogga Decl. Ex. 4. Each Mortgage has been in default for between 152 and 364 days.[11]

Based on the above, the Default Rate Interest due for each Mortgage is calculated based on the following formula:

$$\frac{Principal \; \times (Contract\ Interest\ Rate + 4\%)}{360} \times Days\ in\ Default\ at\ Default\ Interest\ Rate$$

Having used the formula above to calculate the Default Rate Interest on each Mortgage, the Court holds that Fannie Mae is due the following amounts:

---

[11] "Interest at the Default Rate has therefore accrued and remains outstanding for the months of February 2023 forward for the Tiebout Avenue, 561 West 144th Street, 2705 Morris, 2707 Morris, and 622 East 169th Street Mortgages; April 2023 forward for the 452 West 164th Street, 522 West 148th Street, 712 West 180th Street, 554 West 148th Street, 505 West 135th Street, and 503 West 169th Street Mortgages; and September 2023 forward for the 66 & 72 E 190th Street Mortgage." Sogga Decl. ¶ 129. There are 365 days between February 1, 2023, and January 31, 2024; 306 days between April 1, 2023, and January 31, 2024; and 153 days between September 1, 2023, and January 31, 2024.

| Mortgage | Default Rate Interest Due |
|---|---|
| 2120 Tiebout Avenue | $923,723.72 |
| 452 West 164th Street | $207,447.47 |
| 522 West 148th Street | $427,825.18 |
| 712 West 180th Street | $363,322.96 |
| 554 West 148th Street | $518,063.99 |
| 505 West 135th Street | $359,661.05 |
| 503 West 169th Street | $229,907.22 |
| 561 West 144th Street | $461,594.39 |
| 2705 Morris Avenue | $345,264.13 |
| 2707 Morris Avenue | $353,375.08 |
| 622 East 169th Street | $346,565.63 |
| 66 & 72 E 190th Street | $132,561.76 |

4. Tax Advances

Fannie Mae seeks to recover amounts due to the City of New York as taxes that it paid on the Borrower Defendants' behalf. But Fannie Mae does not provide any documentary evidence that it did, in fact, pay the taxes it claims to have paid for each Mortgage. In cases where plaintiffs were ultimately awarded sums paid as tax advances, those plaintiffs provided the court documentary evidence—often in the form of receipts—proving their expenditures. *See, e.g.*, *W. Coast 2014-7, LLC v. Portillo-Pena*, No. 15 Civ. 6036, 2016 WL 4506749, at *11 (E.D.N.Y. Aug. 5, 2016) *report and recommendation adopted*, 2016 WL 4507003 (Aug. 26, 2016) ("Here, West Coast has submitted receipts for tax payments it made on April 2, 2015, June 1, 2015, and January 11, 2016."); *cf. E. Sav. Bank, FSB v. McLaughlin*, No. 13 Civ. 1108, 2015 WL 5657355, at *5 (E.D.N.Y. Aug. 17, 2015) *report and recommendation adopted*, 2015 WL 5664454 (E.D.N.Y. Sept. 24, 2015) (affirming referee's calculation of amounts owed as tax advances because "[r]eceipts for the tax advances . . . attached to the Referee's Schedule adequately support the amounts provided in the Schedule"). Without such evidence, the Court cannot confirm that Fannie Mae is entitled to recoup taxes it purportedly paid to the City of New York on the Borrower

18

Defendants' behalf.  Accordingly, the Court **RESERVES JUDGMENT** pending further briefing as to the amount due.

     5.  <u>Legal Costs and Expenses</u>

Each of the Mortgages at issue contains a clause stating that Fannie Mae is entitled to recoup:

> [A]ll expenses and costs, including reasonable attorneys' fees and expenses, fees and out-of-pocket expenses of expert witnesses and costs of investigation, incurred by Lender as a result of any Event of Default under the Loan Agreement or in connection with efforts to collect any amount due under the Loan Documents, or to enforce the provisions of the Loan Agreement or any of the other Loan Documents, including those incurred in post-judgment collection efforts and in any bankruptcy or insolvency proceeding (including any action for relief from the automatic stay of any bankruptcy proceeding or Foreclosure Event) or judicial or non-judicial foreclosure proceeding, to the extent permitted by law.

Am. Compl. Exs. C, I, O, U, AA, AG, AM, AS, AY, BE, BK, and BQ, Mortgage Agreements § 1 (definition of "Enforcement Costs").  Additionally, "[t]he Borrower-Defendants . . . agreed to pay all attorneys' fees and expenses under Section 5(d) of the Mortgage Agreements and Section 4.02(g)(3) of the Loan Agreements."  Sogga Decl. ¶ 133.  Fannie Mae has, therefore, established its entitlement to attorney's fees and costs for enforcing its property rights.  The remaining question before this Court is whether the amounts Fannie Mae seeks pursuant to each Mortgage are "presumptively reasonable."

As stated above, determining whether requested attorney's fees and costs are "presumptively reasonable" requires a court to multiply attorneys' reasonable hourly rates by the number of hours they expended in litigating the matter.  Typically, a party requesting attorney's fees will supply the court with a chart listing the attorney who worked on the matter, that attorney's hourly rate, the hours the attorney billed on the matter, and the total legal fees attributable to that attorney.  The party also, typically, describes each attorney's background and qualifications (rather than simply supplying printouts of an attorney's page on a website, as Fannie Mae has done).

Fannie Mae has, conversely, merely supplied this Court with some three hundred pages of billing invoices and a conclusory declaration setting forth amounts owed as legal fees and costs. *See Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) ("Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done."); *CIT Bank, N.A. v. Portfolio Recovery Assocs., LLC*, No. 15 Civ. 8618, 2017 WL 2819867, at *5 (S.D.N.Y. June 28, 2017) ("The absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances." (quoting *OneWest Bank, N.A. v. Denham*, No. 14 Civ. 5529, 2015 WL 5562980 (E.D.N.Y. Aug. 31, 2015), *report and recommendation adopted*, 2015 WL 5562981 (Sept. 21, 2015))). On the bases of the evidence before it, the Court **GRANTS** the motion as to Fannie Mae's entitlement to attorney's fees but **RESERVES JUDGEMENT** pending further briefing as to the amount due.

6. <u>Prepayment Premiums</u>

Under the terms of each Mortgage Loan, Fannie Mae is entitled to prepayment premiums when the loan is accelerated and/or in default. *See* Sogga Decl. ¶ 137. Schedule 4 of each Mortgage's Loan Documents sets forth the formula for calculating the prepayment premium. *See, e.g.*, Am. Compl. Ex. B at Schedule 4 (definition of "Prepayment Premium"). While the Court credits Fannie Mae's argument that prepayment premiums are enforceable, *see* Pl.'s Mem. at 22 n.8, Fannie Mae has not shown how it determined the prepayment premium due under each of the Mortgages.[12] Therefore, based on the information before it, the Court cannot confirm the prepayment premium amounts to which Fannie Mae is entitled. Accordingly, the Court **RESERVES JUDGMENT** pending further briefing as to the amount due.

---

[12] Put differently, Fannie Mae has not shown that it used the formula in Schedule 4 to calculate the amounts in Paragraph 138 of the Sogga Declaration.

7.  Credits to Borrower Defendants

As part of the calculation of the amounts due under each Mortgage, Fannie Mae has supplied this Court with sums to be credited against the total indebtedness due on some or all of the loans.  Sogga Decl. ¶¶ 142-149.  The Borrower Defendants are owed these funds because, per the terms of each Mortgage, they made one-off or monthly payments into certain accounts to fund taxes, insurance premiums, maintenance, and other expenses related to the physical and financial upkeep of the properties.  Again, Fannie Mae does nothing more than supply this Court with sums it claims the Borrower Defendants are owed.  Therefore, the Court cannot confirm the amounts to be credited against the outstanding balance of each Mortgage.  Accordingly, the Court **RESERVES JUDGMENT** pending further briefing as to the amount owed.

8.  Broker's Price Opinions, NSF Fees, and Inspection Fees

Fannie Mae seeks various miscellaneous fees associated with the Mortgage defaults, including expenses incurred in estimating the valuation of each property (the broker's price opinions), in attempting to collect the monthly mortgage payments (the not sufficient funds or NSF fees), and in inspecting the properties after default (the inspection fees).  While the Court holds that Fannie Mae is entitled to recoup these expenses, it also holds that, again, Fannie Mae has not substantiated the amounts it claims it is owed with documentary proof.  For example, there is no invoice from a broker submitted to support Fannie Mae's claim that "each broker price opinion cost $1,250." Pl.'s Mem at 22.  Nor is there evidence substantiating Fannie Mae's claim that "representatives of Plaintiff . . . performed inspection of each of the twelve Properties[,] . . . hired a car service to transport them from Property to Property during the inspections[, and] . . . the total cost of the car service was . . . $187" for each property.  *Id.* at 44.  Accordingly, the Court **RESERVES JUDGMENT** pending further briefing as to the amount due under each of the three expense categories referenced above.

**V.  Termination of John Doe Defendants**

Fannie Mae states that, since commencing this action, it has identified no parties other than the named Defendants who "have a subordinate interest in or lien upon any of the Properties to be extinguished in this action."  Pl.'s Mem. at 25.  Because there appears to be no other interest in the properties besides those of the named defendants, and because under Rule 15 courts should "freely give leave [to amend pleadings] when justice so requires," Fannie Mae's Motion to Amend the caption by terminating the John Doe Defendants is **GRANTED**.  Fed. R. Civ. P. 15(a)(2).

## CONCLUSION

For the reasons explained above, Fannie Mae's omnibus motion is **GRANTED IN PART**. Specifically, it is hereby ORDERED that the:

- Motion for Summary Judgment against the Borrower Defendants is **GRANTED**.

- Motion to Sever claims against the Borrower Defendants and the Guarantor Defendants with respect to their personal liability is **GRANTED**.

- Motion for Default Judgment against Lienholder Defendant Aremye Realty Corporation is **GRANTED**.  Aremye is hereby barred and foreclosed of and from all estate, right, title, interest, claim, lien, and equity of redemption of, in, and to the 522 West 148th Street Property and each and every part and parcel thereof.  The Clerk of Court is respectfully directed to enter a default judgment against Aremye Realty Corporation.

- Motion for Default Judgment against Lienholder Defendants New York City Environmental Control Board and New York City Department of Housing Preservation & Development is **DENIED WITHOUT PREJUDICE**.  If Fannie Mae refiles this motion, it shall include documentary evidence of the ECB's fine(s) and HPD's default judgment.

- Request to confirm amounts owed under the terms of the Mortgages is **GRANTED IN PART**.  The Court confirms that Fannie Mae is owed the principal, contract rate interest, and default rate interest amounts listed below:

| Mortgaged Property | Principal | Contract Rate Interest | Default Rate Interest | TOTAL DUE |
|---|---|---|---|---|
| 2120 Tiebout Avenue | $11,925,000.00 | $37,378.25 | $923,723.72 | $12,886,101.97 |
| 452 West 164th Street | $3,194,448.41 | $10,012.82 | $207,447.47 | $3,411,908.70 |
| 522 West 148th Street | $6,588,006.99 | $20,649.74 | $427,825.18 | $7,036,481.91 |
| 712 West 180th Street | $5,594,748.49 | $17,536.43 | $363,322.96 | $5,975,607.88 |
| 554 West 148th Street | $7,977,579.06 | $25,005.28 | $518,063.99 | $8,520,648.33 |
| 505 West 135th Street | $5,538,359.34 | $17,359.68 | $359,661.05 | $5,915,380.07 |
| 503 West 169th Street | $3,540,302.06 | $11,096.88 | $229,907.22 | $3,781,306.16 |
| 561 West 144th Street | $5,959,047.06 | $18,678.30 | $461,594.39 | $6,439,319.75 |
| 2705 Morris Avenue | $4,457,257.60 | $13,971.03 | $345,264.13 | $4,816,492.76 |
| 2707 Morris Avenue | $4,561,967.94 | $14,299.24 | $353,375.08 | $4,929,642.26 |
| 622 East 169th Street | $4,539,417.84 | $13,798.57 | $346,565.63 | $4,899,782.04 |
| 66 & 72 E 190th Street | $3,700,000.00 | $14,114.47 | $132,561.76 | $3,846,676.23 |

- With respect to other amounts Fannie Mae claims it is owed, the Court **RESERVES JUDGMENT** pending further briefing. For the amounts the Court was unable to confirm either are due to Fannie Mae (the tax advances, prepayment premiums, broker's price opinion, etc.) or should be credited against the indebtedness due under a given Mortgage (payments into tax escrows, insurance escrows, holdback accounts, replacement reserve accounts, and debt service reserve accounts), Fannie Mae shall provide the Court with documentary evidence to confirm these entitlements/credits. Additionally, Fannie Mae shall provide the Court with caselaw confirming that such evidence is sufficient for this Court to confirm the amount either due for that specific type of expense or fee or to be credited to the Borrower Defendants. As to prepayment premiums, Fannie Mae shall show that it used the formula in Schedule 4 of each Mortgage's Loan Documents to calculate the prepayment premium amounts due to it.

23

- The Court **GRANTS** Fannie Mae's request for attorney's fees and costs but **RESERVES JUDGMENT** on the specific amount to be awarded pending further briefing. Fannie Mae shall supply the Court with a chart listing each attorney who worked on this matter, how many hours that attorney billed, the nature of the legal work performed by that attorney during those hours, and the attorney's hourly rate(s). Fannie Mae shall also provide, in narrative form, a description of each attorney's relevant skills and qualifications. Additionally, Fannie Mae shall provide a detailed accounting of how it reached the sums owed as costs and expenses with respect to the legal work performed in this case.

- Motion to Amend the caption of this matter is **GRANTED**. The Clerk of Court is respectfully directed to terminate all John Doe Defendants from this case.


The Clerk of Court is respectfully requested to enter judgment accordingly and to terminate

ECF No. 74.

SO ORDERED.

Dated: May 27, 2025
       New York, New York

_____
DALE E. HO
United States District Judge