**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                   Plaintiff,

    -vs.-

2120 TIEBOUT LLC, 452 W 164 REALTY LLC,
148TH STREET LLC, 712 W 180 REALTY LLC,
554 W 148 LLC, SKYLINE 135TH LLC, 503 W
169 LLC, 561 W 144 REALTY LLC, 2705 & 2707
MORRIS LLC, 622 E 169 LLC, 66 & 72 E 190
LLC, DOUGLAS PETERSON, MAURICE
ARLOS, MICHAEL FORDHAM, MATTHEW L.
MCGANN, MATTHEW KLADNEY, AREMYE
REALTY CORPORATION, CARVER FEDERAL
SAVINGS BANK, the NEW YORK CITY
DEPARTMENT OF HOUSING PRESERVATION
& DEVELOPMENT, and the NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,

                   Defendants.

No. 1:23-cv-09445 (DEH) (BCM)

**JUDGMENT OF**
**FORECLOSURE AND SALE**

---

Upon all of the papers and pleadings filed in this action, including (i) the Summons and

Amended Complaint filed on November 27, 2023, (ii) the Notices of Pendency filed in the New

York County Clerk's Office on November 7, 2023 and in the Bronx County Clerk's Office on

November 2, 2023 and on November 29, 2023, (iii) the Certificates of Default entered by the Clerk

of this Court on February 1, 2024 and March 6, 2024, (iv) the Motion for Summary Judgment,

Default Judgment, Judgment of Foreclosure and Sale, and Related Relief (the "Omnibus Motion")

and the supporting memorandum of law and declarations in support of the Omnibus Motion, (v)

the Order and Opinion issued by the Court on May 27, 2025 granting Federal National Mortgage Association ("Plaintiff")'s:

(a) motion for summary judgment against Defendants 2120 Tiebout LLC, 452 W 164 Realty LLC, 148th Street LLC, 712 W 180 Realty LLC, 554 W 148 LLC, Skyline 135th LLC, 503 W 169 LLC, 561 W 144 Realty, LLC, 2705 & 2707 Morris LLC, 622 E 169 LLC, and 66 & 72 E 190 LLC (collectively, the "Borrower-Defendants");

(b) motion to sever the claims against the Borrower-Defendants and Defendants Douglas Peterson, Maurice Arlos, and Michael Fordham (collectively, the "Guarantor-Defendants") with respect to their personal liability;

(c) motion for default judgment against Aremye Realty Corporation;

(d) request for attorney's fees (as to entitlement, but not specific amount);

(e) motion to amend the caption of this matter to strike the John Doe Defendants;

(f) request for confirmation that Plaintiff is owed the principal, contract rate interest, and default rate interest in the amounts set forth in the Omnibus Motion; and

reserving judgment pending further briefing on:

(a) The amount due under the mortgage loan documents at issue in this case as of January 31, 2024;

(b) the specific amount of attorney's fees and expenses due; and

denying without prejudice:

(a) Plaintiff's motion for default judgment against the Defendants the New York City Department of Housing Preservation & Development, and the New York City Environmental Control Board; and

1

(vi) Plaintiff's supplemental motion (the "Supplemental Motion") for an order (a) granting default judgment against Defendants the New York City Department of Housing Preservation & Development, and the New York City Environmental Control Board (and together with Defendant Aremye Realty Corporation, the "Lienholder-Defendants") pursuant to Federal Rule of Civil Procedure 55(b); (b) calculating the amount due under the mortgage loan documents at issue in this case as of January 31, 2024; (c) granting a Judgment of Foreclosure and Sale; and (d) granting such other relief as this Court deems just and proper, comprised of Plaintiff's memorandum of law in support of the Supplemental Motion, the declaration of Dean L. Chapman Jr., Esq. in support of the Supplemental Motion and the exhibits annexed thereto, and the declaration of Amy Sogga in support of the Supplemental Motion and the exhibits annexed thereto,[1] it is hereby:

**ORDERED**, that a judgment of foreclosure and sale is hereby granted to Plaintiff, and against the Borrower-Defendants, Guarantor-Defendants, and Lienholder-Defendants; and it is further

**ORDERED**, that the total amount due to Plaintiff by Borrower-Defendants under the respective loan documents governing Plaintiff's mortgage loans as of January 31, 2024 (such amount for each Property, the "Indebtedness") are:

a.    $13,061,358.99 under the Tiebout Avenue Mortgage.

b.    $3,477,400.51 under the 452 West 164th Street Mortgage.

c.    $3,814,117.96 under the 503 West 169th Street Mortgage.

d.    $5,999,834.64 under the 505 West 135th Street Mortgage.

e.    $7,191,082.08 under the 522 West 148th Street Mortgage.

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in Plaintiff's Motion for Summary Judgment, Default Judgment, Judgment of Foreclosure and Sale, and Related Relief (the "Omnibus Motion," ECF No. 74) and supporting memorandum of law ("Pl.'s Mem.," ECF No. 75).

f.      $8,719,620.32 under the 554 West 148th Street Mortgage.

g.      $6,608,524.63 under the 561 West 144th Street Mortgage.

h.      $5,015,542.14 under the 622 East 169th Street Mortgage.

i.      $6,111,845.24 under the 712 West 180th Street Mortgage.

j.      $3,576,618.51 under the 66 & 72 E 190th Street Mortgage

and it is further

**ORDERED**, that the liens against the Property or Properties held by the Lienholder-Defendants are junior to Plaintiff's respective mortgage lien; and it is further

**ORDERED**, that the mortgaged premises commonly known as 2120-2126 Tiebout Avenue, Bronx, New York 10457; 452 West 164th Street, New York, NY, 10032; 503 West 169th Street, New York, NY 10032; 505 West 135th Street, New York NY 10031; 522 West 148th Street, New York, NY 10031; 554 West 148th Street, New York, NY 10031; 561 West 144th Street, New York, NY 10031; 622 East 169th Street Bronx, NY 10456; 712 West 180th Street, New York, NY 10033; and 66 & 72 East 190th Street Bronx, NY, 10468, described in the Amended Complaint and in Schedule "A" annexed hereto (the "Properties"), together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the Properties, all as more fully set forth in the aforementioned mortgage, shall each be sold individually within ninety days of the date of the judgment, at a public auction at the Thurgood Marshall United States Courthouse 40 Foley Square, Manhattan, New York, NY 10007 by and under the direction of Peter A. Axelrod with an address and contact information of Axelrod, Fingerhut & Dennis, 260 Madison Avenue, 15th Floor, New York, New York 10016, paxelrod@afdny.com, (212) 702-0900, who is hereby appointed "Sale Referee" for that purpose; and that the Sale Referee give public notice of the time

3

and place of such sale according to law and practice of this Court and RPAPL § 231 in the Wall Street Journal newspaper; and it is further

**ORDERED**, that with respect to the auction for each such Property, the Sale Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record (the "Purchaser"), and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the Property, and pay to the Sale Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and it is further

**ORDERED**, that in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay the ten percent (10%) deposit as required, the Property shall immediately and on the same day be reoffered at auction; and it is further

**ORDERED**, that the Sale Referee shall then deposit the down payment and proceeds of each sale, as necessary, in an FDIC insured bank (the "Depository") in their own name as the Sale Referee; and it is further

**ORDERED**, the closing of title shall for each Property be had no more than thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED**, that at closing of title Sale Referee shall execute to each Purchaser a deed of the Property sold in exchange for receipt of the proceeds of the sale; and it is further

**ORDERED**, that the Sale Referee shall then deposit the balance of the proceeds of each sale in their own name as Sale Referee in the Depository, and make the following payments with respect to each Property sale:

FIRST.    To the Sale Referee, the sum of $750.00 per property for their fees.

4

SECOND.    All taxes, assessments, sewer rents or water rates which are, or may become, liens on the respective Property at the time of sale, with such interest or penalties which may have lawfully accrued to the date of payment;

THIRD.    To Plaintiff or the Sale Referee, as appropriate, the expenses of the sale and the advertising expenses for the respective Property as shown on the bills presented to the Sale Referee and certified by them to be correct, duplicate copies of which shall be annexed to the report of sale.

FOURTH.    To Plaintiff, for each respective Property, the amount of Indebtedness set forth *supra*, this being the amount due and owing to the Plaintiff under the loan documents governing Plaintiff's mortgage loan for such Property as of January 31, 2024, together with (i) all additional funds expended, advanced, or otherwise paid by Plaintiff for the benefit of such Property and/or in connection with the foreclosure thereof from February 1, 2024, through the date of sale as may be demonstrated to the Sale Referee at the outset of the sale by way of receipts, affidavit or other similar evidence, including, but not limited to, any additional compensation paid by Plaintiff to the Sale Referee in connection with the foreclosure of the Property and any and all amounts advanced to the Court-appointed receiver for maintenance and operation of such Property; (ii) all additional reasonable attorneys' fees and costs incurred by the Plaintiff in enforcing its mortgage securing such Property from February 1, 2024, through the date of the sale as may be demonstrated to the Sale Referee at the outset of the sale by way of receipts, affidavit or other similar evidence; and (iii) the interest accruing at the contractual default rate from February 1, 2024, through the date of the sale of the respective Property; or as much as the purchase money of the Property will cover.

FIFTH.        To the extent of any surplus remaining after the payment of the foregoing sums, to all entities holding any valid lien junior in priority to the respective mortgage being foreclosed (including the Lienholder-Defendants, as appropriate), the value of those loans.

SIXTH.        If the Sale Referee intends to apply for a further allowance for their fees, an application shall be made to this Court therefor and the Sale Referee shall be paid any additional amount awarded by this Court out of the surplus monies arising from the sale; and it is further;

**ORDERED**, that surplus monies remain after payment of the amounts FIRST through FIFTH for each respective Property, if any, shall be withdrawn only on the order of a Judge of this Court; and it is further

**ORDERED**, that in the event that the Plaintiff or a governmental agency thereof is the purchaser of any respective Property at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof be filed with the Sale Referee or their duly appointed designee, the Sale Referee shall not require Plaintiff to pay in cash the amount bid at the sale, but shall execute and deliver to Plaintiff a deed or deeds of the Property or Properties sold upon either (i) payment to the Sale Referee of the amounts specified above as "FIRST," "SECOND," and "THIRD," *supra*, or (ii) filing with the Sale Referee receipts showing the payment thereof; that if there shall be a surplus over and above the amounts due to Plaintiff specified as "FOURTH" *supra*, then Plaintiff shall pay to the Sale Referee, upon delivery to Plaintiff of the Sale Referee's deed, the amount of such surplus; that the Sale Referee shall then deposit the balance with the Depository; and it is further

**ORDERED**, that all expenses of recording each Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the Purchaser,

6

not by the Sale Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law § 1404; and it is further

**ORDERED**, that the Sale Referee or their duly appointed designee shall make their report of each sale and shall file such report with the Clerk of the Court with all convenient speed. If the proceeds of each such sale be insufficient to pay the amount adjudged due to Plaintiff for the respective mortgage loan with the expenses, interests and costs as aforesaid, said Sale Referee or their duly appointed designee shall specify the amount of such deficiency in their report of sale, and the Plaintiff shall recover from the corresponding Borrower-Defendant and Guarantor-Defendant(s) for such mortgage loan the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the Property and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the New York Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED**, that each and all of the Defendants, and all the persons claiming under them, after filing of the notices of the pendency of this action, be and hereby be forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in the Properties and each and every party thereof; and it is further

**ORDERED**, that each Property is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the Property would disclose, any state of facts that an accurate survey of the Property would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the Property is located and

7

possible violations of same; any rights of tenants or person in possession of the Property; prior

lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions

and Proceedings Law.

A description of the Properties is annexed hereto and made a part hereof as Schedule "A".

The Clerk of Court is respectfully directed to terminate ECF No. 108.

Dated: New York, New York

January 21, 2026

_____
The Honorable Dale E. Ho
United States District Court Judge

8

**SCHEDULE A**
**DESCRIPTION**

**2120-2126 TIEBOUT AVENUE, BRONX, NEW YORK 10457**

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH AND COUNTY OF BRONX, CITY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHEASTERLY SIDE OF TIEBOUT AVENUE, DISTANT 287.04 FEET NORTHEASTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE SOUTHEASTERLY SIDE OF TIEBOUT AVENUE WITH THE NORTHEASTERLY SIDE OF EAST 180TH STREET;

RUNNING THENCE NORTHEASTERLY, ALONG THE SOUTHEASTERLY SIDE OF TIEBOUT AVENUE, 22082 FEET;

THENCE SOUTHEASTERLY PARALLEL WITH EAST 182ND STREET, 104.32 FEET;

THENCE SOUTHWESTERLY, PARALLEL WITH WEBSTER AVENUE, 219.09 FEET;

THENCE NORTHWESTERLY, ALONG A LINE MAKING AN EXTERIOR ANGLE OF 87 DEGREES 42 MINUTES 32 SECONDS WITH THE SOUTHEASTERLY SIDE OF TIEBOUT AVENUE, 100.08 FEET TO THE SOUTHWESTERLY SIDE OF TIEBOUT AVENUE TO THE POINT OR PLACE OF BEGINNING.

**452 WEST 164TH STREET, NEW YORK, NY, 10032**

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, COUNTY OF NEW YORK, CITY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF WEST 164TH STREET DISTANT, 111 FEET EASTWARDLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE SOUTHERLY SIDE OF WEST 164TH STREET AND THE EASTERLY SIDE OF AMSTERDAM AVENUE;

RUNNING THENCE SOUTHWARDLY AND PARALLEL WITH AMSTERDAM AVENUE, 114 FEET 6 ¼ INCHES;

THENCE EASTWARDLY AND PARALLEL WITH WEST 164TH STREET, 14 FEET;

THENCE NORTHWARDLY AND AGAIN PARALLEL WITH AMSTERDAM AVENUE, 2 FEET 2 INCHES;

THENCE EASTWARDLY AND AGAIN PARALLEL WITH WEST 164TH STREET, 25 FEET;

9

THENCE NORTHWARDLY AND AGAIN PARALLEL WITH AMSTERDAM AVENUE, 112 FEET 41% INCHES TO THE SOUTHERLY SIDE OF WEST 164TH STREET;

THENCE WESTWARDLY ALONG THE SOUTHERLY SIDE OF WEST 164TH STREET 39 FEET TO THE POINT OR PLACE OF BEGINNING.

### 503 WEST 169TH STREET, NEW YORK, NY 10032

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, COUNTY OF NEW YORK, CITY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A PONT ON THE NORTHERLY SIDE OF WEST 169TH STREET, DISTANT 50 FEET WESTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE WESTERLY SIDE OF TENTH (NOW AMSTERDAM) AVENUE AND THE NORTHERLY SIDE OF WEST 169TH STREET;

RUNNING THENCE WESTERLY ALONG THE NORTHERLY SIDE OF WEST 169TH STREET, 50 FEET;

THENCE NORTHERLY PARALLEL WITH THE WESTERLY SIDE OF AMSTERDAM AVENUE, 101 FEET 7 INCHES;

THENCE EASTERLY PARALLEL WITH THE NORTHERLY SIDE OF WEST 169TH STREET, 50 FEET;
THENCE SOUTHERLY PARALLEL WITH THE WESTERLY SIDE OF AMSTERDAM AVENUE AND PART OF THE DISTANCE THROUGH A PARTY WALL OF, 101 FEET 7 INCHES, TO THE POINT OR PLACE OF BEGINNING.

### 505 WEST 135TH STREET, NEW YORK, NY 10031

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE NORTHERLY SIDE OF 135TH STREET, DISTANT 100 FEET WESTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF SAID NORTHERLY SIDE OF 135TH STREET WITH THE WESTERLY SIDE OF AMSTERDAM AVENUE (FORMERLY 10TH AVENUE);

RUNNING THENCE NORTHERLY PARALLEL WITH THE SAID WESTERLY SIDE OF AMSTERDAM AVENUE, 99 FEET 11 INCHES TO THE CENTER LINE OF THE BLOCK, BETWEEN 135TH AND 136TH STREET;

THENCE WESTERLY PARALLEL WITH THE SAID NORTHERLY SIDE OF 135TH STREET, 40 FEET;

10

THENCE SOUTHERLY, AGAIN PARALLEL WITH THE SAID WESTERLY SIDE OF AMSTERDAM AVENUE AND PART OF THE DISTANCE THROUGH A CERTAIN PARTY WALL, 99 FEET 11 INCHES TO THE NORTHERLY SIDE OF 135TH STREET;

AND THENCE EASTERLY, ALONG THE SAID NORTHERLY SIDE OF 135TH STREET, 40 FEET TO THE POINT OR PLACE OF BEGINNING.

**522 WEST 148TH STREET, NEW YORK, NY 10031**

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY AND STATE OF NEW YORK, AND BEING BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY LINE OF WEST 148TH STREET, DISTANT 308 FEET 4 INCHES (TAX MAP) (308 FEET 6 INCHES SURVEY) WESTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE WESTERLY SIDE OF AMSTERDAM AVENUE, WITH THE SOUTHERLY SIDE OF WEST 148TH STREET;

RUNNING THENCE SOUTHERLY AND PARALLEL WITH AMSTERDAM AVENUE AND PART OF THE DISTANCE THROUGH A PARTY WALL 99 FEET 11 INCHES TO THE CENTER LINE OF THE BLOCK BETWEEN WEST 147TH AND WEST 148TH STREETS;

THENCE WESTERLY ALONG THE SAID CENTER LINE OF THE BLOCK, 41 FEET 8 INCHES (TAX MAP) (41 FEET 6 INCHES SURVEY);

THENCE NORTHERLY AND PARALLEL WITH AMSTERDAM AVENUE, 99 FEET 11 INCHES TO THE SOUTHERLY SIDE OF WEST 148TH STREET; AND

THENCE EASTERLY AND ALONG THE SOUTHERLY SIDE OF WEST 148TH STREET, 41 FEET 8 (TAX Map) (41 FEET 6 INCHES SURVEY) INCHES TO THE POINT OR PLACE OF BEGINNING.

**554 WEST 148TH STREET, NEW YORK, NY 10031**

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF WEST 148TH STREET, DISTANT 185 FEET EASTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE SOUTHERLY SIDE OF 148TH STREET WITH THE EASTERLY SIDE OF BROADWAY;

11

RUNNING THENCE SOUTHERLY PARALLEL WITH THE EASTERLY SIDE OF BROADWAY AND PART OF THE WAY THROUGH A PARTY WALL, 99 FEET 11 INCHES TO THE CENTER OF THE BLOCK;

THENCE EASTERLY, ALONG THE CENTER LINE OF THE BLOCK, 50 FEET;

THENCE NORTHERLY PARALLEL WITH THE EASTERLY SIDE OF BROADWAY, 99 FEET 11 INCHES TO THE SOUTHERLY SIDE OF WEST 148TH STREET;

THENCE WESTERLY, ALONG THE SOUTHERLY SIDE OF WEST 148TH STREET, 50 FEET TO THE POINT OR PLACE OF BEGINNING.

**561 WEST 144TH STREET, NEW YORK, NY 10031**

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, COUNTY, CITY AND STATE OF NEW YORK, DESIGNATED ON TAX MAP OF THE CITY OF NEW YORK FOR THE BOROUGH OF MANHATTAN, AS SAID TAX MAP WAS ON 3/30/7 1, AS SECTION 7, BLOCK 2076, LOT 5, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE NORTHERLY SIDE OF WEST 144TH STREET, DISTANT 100 FEET EASTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE NORTHERLY SIDE OF WEST 144TH STREET AND THE EAST SIDE OF BROADWAY;

RUNNING THENCE NORTHERLY PARALLEL WITH THE EASTERLY SIDE OF BROADWAY, 99 FEET 11 INCHES TO THE CENTER OF THE BLOCK;

THENCE EASTERLY, ALONG THE CENTER LINE OF THE BLOCK, 50 FEET;

THENCE SOUTHERLY PARALLEL WITH THE EASTERLY SIDE OF BROADWAY AND PART OF THE WAY THROUGH A PARTY WALL, 99 FEET 11 INCHES TO THE NORTHERLY SIDE OF WEST 144TH STREET;

THENCE WESTERLY, ALONG THE NORTHERLY SIDE OF WEST 144TH STREET, 50 FEET TO THE POINT OR PLACE OF BEGINNING.

**622 EAST 169TH STREET BRONX, NY 10456**

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF BRONX, CITY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF EAST 169TH STREET, AS LEGALLY OPENED, NOW KNOWN AS MCKINLEY SQUARE, DISTANT 253.68 FEET NORTHEASTERLY MEASURED ALONG SAID SOUTHERLY SIDE OF SAID STREET AS

IT CURVES TO THE RIGHT FROM ITS POINT OF INTERSECTION WITH THE EASTERLY SIDE OF FRANKLIN AVENUE;

RUNNING THENCE SOUTHERLY PARALLEL WITH SAID EASTERLY SIDE OF FRANKLIN AVENUE, AS LAID DOWN ON THE MAP OF MORRISANIA OF 1848, A DISTANCE OF 77.80 FEET;

THENCE EASTERLY AT RIGHT ANGLES TO SAID EASTERLY SIDE OF FRANKLIN AVENUE, 1.24 FEET;

THENCE SOUTHERLY PARALLEL WITH SAID EASTERLY SIDE OF FRANKLIN AVENUE, AS ON SAID MAP, 47 FEET;

THENCE EASTERLY AT RIGHT ANGLES TO SAID EASTERLY SIDE OF FRANKLIN AVENUE, AS ON SAID MAP, 46.75 FEET;

THENCE NORTHERLY ON A LINE FORMING AT AN ANGLE ON ITS WESTERLY SIDE WITH THE LAST MENTIONED COURSE OF 89 DEGREES 38 MINUTES 59 SECONDS, 28.21 FEET;

THENCE EASTERLY ON A LINE FORMING AN ANGEL ON ITS SOUTHERLY SIDE WITH THE LAST MENTIONED COURSE OF 89 DEGREES 24 MINUTES 32 SECONDS, 119.83 FEET TO THE SOUTHERLY SIDE OF EAST 169TH STREET, AS LEGALLY OPENED, NOW KNOWN AS MCKINLEY SQUARE;

THENCE SOUTHWESTERLY ALONG SAID SOUTHERLY SIDE OF EAST 169TH STREET, AS LEGALLY OPENED, NOW KNOWN AS MCKINLEY SQUARE, AS IT CURVES, 53.10 FEET TO THE POINT OR PLACE OF BEGINNING.

**712 WEST 180TH STREET, NEW YORK, NY 10033.**

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY AND STATE OF NEW YORK, AS SAID TAX MAP WAS ON NOVEMBER 26, 1974 KNOWN AS SECTION 8 BLOCK 2176, LOT 42, BEING MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF WEST 180TH STREET, DISTANT 227 FEET 4 AND 5/8 INCHES (DEED) 229.39 FEET (SURVEY) EASTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF SAID SOUTHERLY SIDE OF 180TH STREET WITH THE EASTERLY SIDE OF FORT WASHINGTON AVENUE;

RUNNING THENCE EASTERLY ALONG SAID SOUTHERLY SIDE OF 180TH STREET, 58 FEET 4 INCHES (DEED) 58.33 (SURVEY) TO A POINT;

13

THENCE SOUTHERLY AND AD RIGHT ANGLES TO SAID SOUTHERLY SIDE OF 180TH STREET, 100 FEET TO THE CENTER LINE OF THE BLOCK;

THENCE WESTERLY ALONG SAID CENTER LINE OF THE BLOCK, 50 FEET 4 INCHES (DEED) 58.33 FEET (SURVEY) TO A POINT;

THENCE NORTHERLY AND AGAIN AT RIGHT ANGLES TO SAID SOUTHERLY SIDE OF 180TH STREET AND PART OF THE DISTANCE THROUGH A PARTY WALL, 100 FEET TO SAID SOUTHERLY SIDE OF 180TH STREET, AT THE POINT OR PLACE OF BEGINNING.

**66 & 72 EAST 190TH STREET, BRONX, NY 10468**

Parcel I:
ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND SITUATE, LYING AND BEING IN THE BOROUGH OF THE BRONX OF THE CITY OF NEW YORK, AND BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF 190TH STREET, DISTANT ONE HUNDRED AND SIXTY-EIGHT AND FIFTY-ONE HUNDRETHS (168.51) FEET EASTERLY FROM THE SOUTHEASTERLY CORNER OF MORRIS AVENUE AND 190TH STREET AS THE SAID STREET AND AVENUE ARE NOW LEGALLY OPENED AND CONFIRMED;

RUNNING THENCE SOUTHERLY ON A LINE AT AN ANGLE OF NINETY DEGREES FIFTY-ONE MINUTES ON THE EASTERLY SIDE WITH THE SOUTHERLY SIDE OF EAST 190TH STREET, ONE HUNDRED SIX (106) FEET;

THENCE EASTERLY PARALLEL WITH 190TH STREET, FORTY-THREE (43) FEET;

THENCE NORTHERLY ON A LINE DRAWN AT AN ANGLE OF NINETY DEGREES FIFTY-ONE MINUTES ON ITS SOUTHERLY SIDE WITH THE SOUTHERLY SIDE OF 190TH STREET, ONE HUNDRED AND SIX (106) FEET TO THE SOUTHERLY SIDE OF EAST 190TH STREET; AND

THENCE WESTERLY ALONG THE SOUTHERLY SIDE OF 190TH STREET, FORTY-THREE (43) FEET TO THE POINT OR PLACE OF BEGINNING.

Parcel II:
ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND SITUATE, LYING AND BEING IN THE BOROUGH OF THE BRONX, CITY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE WESTERLY SIDE OF CRESTON AVENUE, DISTANT NINETY-SIX AND FIFTY-THREE ONE HUNDRETHS (96.53) FEET NORTHWARDLY

14

FROM THE NORTHWESTERLY CORNER OF FORDHAM ROAD, AS WIDENED, AND CRESTON AVENUE;

RUNNING THENCE NORTHWARDLY ALONG THE WESTERLY SIDE OF CRESTON AVENUE, TWENTY-TWO (22) FEET TO THE SOUTHERLY SIDE OF EAST 190TH STREET;

RUNNING THENCE NORTHWESTWARDLY ALONG THE WESTERLY SIDE 190TH STREET, THIRTY-TWO AND SEVENTY-SIX ONE HUNDRETHS (32.76) FEET;

RUNNING THENCE WESTWARDLY STILL ALONG THE SOUTHERLY SIDE OF EAST 190TH STREET, SEVENTY-EIGHT AND SEVENTY-EIGHT ONE HUNDRETHS (78.78) FEET;

RUNNING THENCE SOUTHWARDLY PARALLEL OR NEARLY SO WITH MORRIS AVENUE, FORTY-SIX AND SIXTEEN ONE HUNDRETHS (46.16) FEET;

RUINING THENCE EASTWARDLY AND PARALLEL WITH THE SOUTHERLY SIDE OF EAST 190TH STREET, ONE HUNDRED AND TWO AND EIGHTY-FOUR ONE HUNDRETHS (102.84) FEET TO THE POINT OR PLACE OF BEGINNING.